UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re the Application of NATALIA POTANINA<br><br>For an Order to Take Discovery Pursuant<br><br>to 28 U.S.C. § 1782(a) | Misc. Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF NATALIA POTANINA'S APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782**

This Memorandum of Law is submitted on behalf of Applicant Natalia Potanina in support of her Application for discovery pursuant to 28 U.S.C. § 1782 from Norilsk Nickel USA, Inc. ("Norilsk USA"), a company based in the Western District of Pennsylvania.

## I. FACTUAL BACKGROUND

Mrs. Potanina and her husband, Vladimir Potanin, were married in Russia on March 15, 1983. They have two adult children and one minor child. For the first seven years of their marriage, they and their two oldest children lived with Mrs. Potanina's parents. In 1990, Mr. Potanin founded the Interros Company ("Interros"), which provided services in financial consulting and support of foreign trade operations. Both Mr. Potanin and Mrs. Potanina have economics degrees, and Mrs. Potanina was employed by several Interros subsidiary companies in various capacities throughout the 1990's and 2000's.

Mr. Potanin is now one of the ten richest men in Russia, and his net worth is estimated to exceed fourteen billion dollars ($14,000,000,000.00). *See* the accompanying Declaration of Natalia Potanina (the "Potanina Decl.") at ¶ 5 and Exh. A. The entire fortune accumulated by the Potanins, including Interros, and all of its assets and holdings, is marital property under Russian

law.  *See* the accompanying Declaration of Larisa Ryabchenko (the "Ryabchenko Decl.") at ¶ 9. According to Chapter 7, Article 34 of the Family Code of the Russian Federation, all assets acquired by the spouses during marriage (including the earnings of each of the spouses and movable and immovable assets, securities, shares, contributions, and other assets acquired during the marriage, irrespective of in whose name the assets have been acquired or in whose name the money has been deposited) are community marital property.  *Id.*

On November 21, 2013, Mr. Potanin filed an action for divorce in Presnensky District Magistrate Court in Moscow, Russia (the "Moscow Court").  As part of his filing, Mr. Potanin incorrectly asserted that there was no dispute between him and Mrs. Potanina concerning the division of marital property.  To the contrary, Mrs. Potanina is seeking her rightful share of the marital property, and Mr. Potanin has informed her that he will make certain that she will get nothing.  Potanina Decl. ¶¶ 15-16.  On December 25, 2013, Mrs. Potanina's Russian attorney informed the Moscow Court that Mrs. Potanina contests the divorce application and clarified that there is no agreement regarding the division of marital property.  *Id.* at ¶ 21.

Mr. Potanin is the sole owner of Interros, which is one of the largest private investment companies in Russia.  *Id.* at ¶ 22.  Mrs. Potanina held various positions in Interros companies throughout the 1990's and 2000's, but since 2007, Mr. Potanin has been withholding from her information concerning his business dealings.  *Id.* at ¶¶ 11-12.  Although Mr. Potanin and Interros own companies, assets and investments across the globe, including substantial assets in the United States, on November 17, 2013, Mr. Potanin told Mrs. Potanina that she will never be able to prove that he has any assets.  *Id.* at ¶ 16, 23.  Mrs. Potanina believes that Mr. Potanin will

continue to claim that he possesses no assets, and discovery available in the United States will show otherwise. *Id.* at ¶¶ 23-24.

The subpoena proposed by the instant application seeks a deposition and production of documents from a corporate entity, Norilsk USA, which is expected to have knowledge, documents, and information regarding, among other things, the current or former locations of (and amounts of) Interros and Potanin assets.  Mrs. Potanina seeks this subpoena for the purpose of obtaining evidence for potential use in the Russian court proceeding.  Mrs. Potanina has also filed 28 U.S.C. § 1782 applications with the Southern and Eastern Districts of New York seeking discovery from separate entities and persons with information regarding Interros and Potanin assets, and those courts have granted her applications.  True and correct copies of orders issued with regard to those applications are attached as Exhibit A to the accompanying Declaration of Mark Willard (the "Willard Decl.").

## II. ARGUMENT AND AUTHORITIES

### A. Mrs. Potanina's Application Satisfies Section 1782's Statutory Requirements.

Under 28 U.S.C. § 1782, this Court may authorize the requested subpoena.  Specifically, § 1782 provides:  "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  This discovery may be ordered pursuant to "the application of any interested person."

Section 1782(a) was construed by the U.S. Supreme Court in *Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241 (2004), and has been applied by Third Circuit opinions as follows:

A district court is authorized to grant a § 1782 request where:

(1) the person from whom discovery is sought resides in the district of the district court to which the application is made,

(2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by either a foreign or international tribunal or an interested party.

*Heraus Kulzer GmbH v. Esschem, Inc.*, 390 Fed. App'x 88, 91 (3d Cir. 2010).

Mrs. Potanina's Application meets all of these threshold requirements. More specifically:

(1) Norilsk USA's corporate office is located in Pittsburgh, Pennsylvania. Willard Decl. at ¶ 3, Potanina Decl.at Exh. C

(2) The evidence is for use in a foreign tribunal, *i.e.*, the divorce proceedings currently underway in the Moscow Court.

(3) Mrs. Potanina, who has been sued for divorce in the Moscow Court, is an "interested person."

B. **This Court Should Exercise Its Discretion to Grant Mrs. Potanina's Application.**

Once a 28 U.S.C. § 1782(a) application satisfies the statutory requirements, the Court has discretion to grant discovery, and the appellate standard for review is abuse of discretion. *Heraus Kulzer*, 390 Fed. App'x at 91. However, if the district court misinterprets or misapplies the law or relies on inappropriate factors, the appellate review is plenary. *In re Application of Chevron Corp.*, 633 F.3d 153, 161 (3d Cir. 2011)

In addition, the factors that "bear consideration in ruling on a Section 1782(a) request" are:

(1) when the discovery respondents are non-parties to the foreign proceeding, the need for aid is more apparent;

4

    (2)      the Court may take into account the nature of the foreign tribunal and proceedings, and the foreign receptivity to U.S. judicial assistance;

    (3)      the Court can consider whether the request conceals an attempt to circumvent foreign restrictions or policies; and

    (4)      the Court may reject or trim unduly intrusive or burdensome requests.

*Heraus Kulzer*, 390 Fed. App'x at 91, citing *Intel*, 542 U.S. at 264-65.

As the Third Circuit has noted, courts consistently interpret 28 U.S.C. § 1782(a) liberally, and § 1782's objective is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful, but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Heraus Kulzer*, 390 Fed. App'x at 92 (citing *Intel*, 542 U.S. at 262). In light of this objective, each of the above *Intel* factors weighs in favor of granting Mrs. Potanina's Application:

- Factor No.1: Norilsk USA is not a party to the proceeding in the Moscow Court. Because the Moscow Court does not have jurisdiction to order discovery from companies and individuals located in the United States, *see* Ryabchenko Decl. ¶ 10, the need for this Court's aid in providing the discovery is more apparent. *Id.*

- Factor No. 2: A key fact for the foreign proceedings is the amount of marital assets to be distributed, and that fact is disputed by Mr. Potanin and Mrs. Potanina. It is critical under Russian law to know the full scope of Mr. Potanin's holdings and the size of the marital estate, and the Moscow Court would be receptive to U.S. federal-court judicial assistance in obtaining evidence. *Id.* at ¶¶ 9, 11. Beyond this threshold information, the Supreme Court's *Intel* decision and Third Circuit jurisprudence make clear that § 1782 "does not contain a 'threshold requirement that evidence sought from a federal district court would

5

be discoverable under the law governing the foreign proceeding.'" *Chevron*, 633 F.3d at 161 (quoting *Intel*, 542 U.S. at 247).

- Factor No. 3: Mrs. Potanina's Application is not an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States. Indeed, in her Declaration, Ms. Ryabchenko states that she knows of no law, rule, or other policy in Russia that would preclude the United States proof-gathering sought in Mrs. Potanina's application under 28 U.S.C. § 1782(a). Ryabchenko Decl. ¶ 12. Likewise, there should be no concern that granting this Application would in any way circumvent the policies of the United States. Because Norilsk USA is a corporation with its principal places of business in the Western District of Pennsylvania, the best way to obtain evidence from it is to proceed under 28 U.S.C. § 1782. This is precisely the type of situation contemplated by § 1782.

- Factor No. 4: Mrs. Potanina's request for discovery is not unduly intrusive or burdensome. As shown in the Subpoena attached to the Application, the proposed discovery would be restricted to information available in the United States regarding Mr. Potanin's and Interros' assets and business dealings since 2007, when Mr. Potanin began withholding from Mrs. Potanina information concerning his business dealings.

Norilsk USA is expected to have documents or information regarding the current or former locations of (and amounts of) Interros and Potanin assets, and regarding Mr. Potanin's actions with regard to these assets. Norilsk USA is a Pittsburgh-based corporation that is part of the MMC Norilsk Nickel, the largest manufacturer of nickel and palladium in the world, and one of the largest manufacturers of platinum and copper.

Potanina Decl., Exh. C, Willard Decl. Exh. B.  Norilsk Nickel Group is one of the "key projects of" Interros and the General Director of the Norilsk Nickel Group is Vladmir Potanin.  Potanina Decl., Exh. C.  Norilsk USA is expected to have documents and information regarding the assets held by Norilsk USA, the extent of Potanin's and Interros' investments in it, and any changes to the extent, value, and location of these assets or investments.

In addition, Mrs. Potanina is willing to enter into a reasonable confidentiality agreement, upon the request of Norilsk USA, restricting the use of the subpoenaed information to the Potanin's divorce proceedings.

The objective of § 1782 and the application of the *Intel* factors supports this Court's exercise of its discretion to provide efficient assistance to Mrs. Potanina, to deter misuse of United States entities to manipulate and conceal foreign assets, and to encourage foreign countries to provide similar assistance and to deter concealment of U.S. assets abroad.

**CONCLUSION**

Because Mrs. Potanina's Application satisfies Section 1782's mandatory requirements and because the *Intel* discretionary factors also favor Mrs. Potanina's Application, Mrs. Potanina respectfully requests that this Court exercise its discretion in granting the Application and allowing the issuance and service of the subpoena.[1]

        ECKERT SEAMANS CHERIN & MELLOTT, LLC

        */s/ Mark A. Willard*
        Mark A. Willard
        Pa. I.D. No. 018103
        Audrey K. Kwak
        Pa. I.D. No. 200527

        U.S. Steel Tower
        600 Grant Street, 44th Floor
        Pittsburgh, PA 15219
        Phone:  (412) 566-6171
        Fax:  (412) 566-6099
        mwillard@eckertseamans.com
        akwak@eckertseamans.com

        *Attorneys for Applicant Natalia Potanina*

Dated: February 12, 2014

---

[1] As stated in the Proposed Order, Norilsk USA will have an opportunity to challenge the order and subpoena by making a motion to vacate the order and to quash the subpoena, in whole or in part.